IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM FORTNER, and AUTUMN McMANUS, individually and on behalf of themselves and all others similarly situated, Plaintiffs,<br><br>vs.<br><br>21 Main North Beach, LLC, and Lovin' Oven Catering of Suffolk, LLC,<br><br>Defendants. | Case No.: 4:24-cv-05893-JD<br><br>**ORDER** |

This is a Fair-Labor-Standards-Act dispute. Defendants 21 Main North Beach, LLC, and Lovin' Oven Catering of Suffolk, LLC (collectively, "Defendants") have filed a Partial Motion to Dismiss and Motion for a More Definite Statement (DE 15) seeking to dismiss Counts I and II of the Complaint in this case, filed by Plaintiffs William Fortner and Autumn McManus, and opt-in Plaintiff Allison Jones (collectively, "Plaintiffs"). (DE 1.) Plaintiffs have filed their opposition to the motion (DE 19), and Defendants have filed their reply (DE 23). After reviewing these materials, and for the reasons below, the Court denies Defendants' motion.

I. BACKGROUND

On October 15, 2024, Plaintiffs sued Defendants, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs were employed as servers and bartenders at the North Beach Resort in Myrtle Beach, South Carolina. (DE 1 ¶ 1.) Plaintiffs allege that Defendants paid them subminimum hourly wages—$2.13 for servers and $4.50 for bartenders—while claiming a tip credit of $5.12 and

1

$2.75 per hour, respectively. (*Id.* ¶¶ 50, 54.) Counts I and II of the Complaint allege that Defendants failed to provide adequate notice, under § 203(m), of their intent to claim a tip credit. (*Id.* ¶¶ 98, 116.)

On November 13, 2024, Defendants filed the motion under consideration. (DE 15.) In support of dismissal, Defendants rely on a written "Tipped Employee Agreement" signed by Plaintiffs (hereinafter, "the Agreement"), which reproduces the statutory language of 29 U.S.C. § 203(m)(2)(A). (DE 15-1.) Defendants assert that the Agreement satisfies their notice obligations under the FLSA and warrants dismissal of Counts I and II. Defendants also seek a more definite statement of Plaintiffs' claims, contending the Complaint is an impermissible "shotgun pleading." (DE 15 at 11–12.)

Plaintiffs respond that the Agreement is facially deficient under a portion of "the tip wage credit" rule promulgated by the Department of Labor, *see* 29 C.F.R. § 531.59 (2024), because the Agreement does not include two critical elements: (1) the specific hourly wage to be paid and (2) the amount of the tip credit to be claimed. (DE 19 at 2–4.) Plaintiffs also argue that the general statutory language used in the Agreement does not meaningfully inform employees of their compensation. (*Id.* at 10–12.) Finally, Plaintiffs counter that the pleading is structured in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure and sets forth the relevant facts and legal theories. (DE 19 at 16–17.)

## II. LEGAL STANDARD

A.   **Rule 12(b)(6), Fed. R. Civ. P.**

A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

To survive a Rule 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Rather, a complaint must "show[]" that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

B.   **Rule 12(e), Fed. R. Civ. P.**

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e), Fed. R. Civ. P. The Fourth Circuit has held that Rule 12(e) "must be read in conjunction with Rule 8." *Hodgson v. Va. Bapt. Hosp., Inc.*, 482 F.2d 821, 822 (4th Cir. 1973). Rule 8(a) requires that a complaint contain three elements:

1.   a short and plain statement of the grounds for the court's jurisdiction;

2.   a short and plain statement of the claim showing that the pleader is entitled to relief; and

3.   a demand for the relief sought.

*See* Rule 8(a), Fed. R. Civ. P.

Therefore, "if the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement." *Hodgson*, 482 F.2d at 824. Courts have emphasized that Rule 12(e) is "designed to strike at unintelligibility rather than simple want of detail," and should be granted only when the complaint is "so vague and ambiguous that the defendant cannot frame a responsive pleading." *Pugh v. E.E.O.C.*, No. 13-cv-2862, 2014 WL 2964415, at *3 (D. Md. June 30, 2014). As a result, "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1376 (3d ed. May 20, 2025, update).

### III. DISCUSSION

#### A.   Motion to Dismiss

Defendants seek dismissal of Counts I and II of the Complaint, which allege that Plaintiffs were not properly informed of Defendants' intention to claim a tip credit, as required by 29 U.S.C. § 203(m).[1] Defendants contend that dismissal is

---

[1]   The Court may properly consider the Agreement attached to Defendants' motion without converting the motion to one for summary judgment under Rule 12(d). A court ruling on a Rule 12(b)(6) motion may consider documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Plaintiffs do not dispute the authenticity of the Agreement, and its contents are central to the claims in Counts I and II, which turn on whether Defendants

4

warranted because Plaintiffs signed the Agreement which reproduces the statutory language of § 203(m)(2)(A), thereby satisfying the FLSA's notice requirement. (DE 15–1 at 6–9.)

The Court finds that, at this stage, dismissal is not appropriate. While the Agreement recites the FLSA's statutory text, Plaintiffs allege that it fails to meet the applicable requirements under the tip-wage credit rule. The same specifies that an employer must inform tipped employees of, among other things, "[t]he *amount* of the cash wage that is to be paid to the tipped employee by the employer" and "*the additional amount* by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer." *See* 29 C.F.R. § 531.59(b)(1)–(2) (2024) (emphases added).

But here, the written notice states that the employee will receive "*an* amount equal to . . . the cash wage paid such employee which for the purposes of such determination shall not be less than the cash wage required to be paid . . . on the date of the enactment of this paragraph," and a tip credit "equal to the difference between the wage specified . . . and the wage in effect under section 206(a)(1)" of the FLSA. (Def's Ex. A, DE 15–1 at 4 (emphasis added).) As Plaintiffs correctly argue, this language does not expressly inform employees of their actual hourly wage rates—

---

provided adequate tip credit notice under 29 U.S.C. § 203(m). The Agreement is thus properly before Court for purposes of this motion.

5

$2.13 for servers and $4.50 for bartenders—or the amount of the tip credit being claimed—$5.12 and $2.75, respectively.[2] (DE 1 ¶¶ 50, 54; DE 19 at 3–4.)

Defendants argue that such specificity is not required, citing Plaintiffs' actual knowledge of their wage rates, as shown by the Complaint's own factual allegations and the attached pay stubs. (DE 23 at 6–7.) Defendants also assert that, even if the Agreement did not explicitly identify the wage rates and tip-credit amounts, Plaintiffs' own pay stubs and allegations demonstrate that they had actual knowledge of the applicable pay structure. (*See* DE 15 at 10 (arguing that "Plaintiffs' knowledge of their hourly wage rate, tip income, and overtime pay is clear from their own allegations and earnings records").)

While actual knowledge may be relevant to the factual question of whether an employee was adequately informed, the statutory and regulatory framework imposes an affirmative duty on employers to provide notice that explicitly communicates the terms set forth in 29 C.F.R. § 531.59(b). Thus, even if Plaintiffs became aware of their rates through pay statements, that would not relieve Defendants of their obligation to provide adequate notice. At the motion-to-dismiss stage, Plaintiffs' allegations—

---

[2] Defendants also cite several federal court decisions suggesting that reproduction of the statutory language of § 203(m) *may*, in some instances, satisfy the FLSA's notice requirement. (*See* DE 15 at 9 n.15.) However, these cases are readily distinguishable and do not establish a per se rule that statutory recitation alone is sufficient. First, each of the cited cases was resolved at summary judgment, with the benefit of a developed factual record.

Second, those cases centered on whether the employer had adequately "informed" employees under § 203(m), a fact-intensive inquiry that extended beyond the mere existence of written language. Here, by contrast, Plaintiffs allege that they were not adequately informed of the core economic terms mandated by 29 C.F.R. § 531.59(b), including the specific hourly wage to be paid and the amount of the tip credit to be claimed. At this preliminary stage, those factual allegations must be accepted as true, and they are enough to state a plausible claim for relief.

that they were not informed of the required economic terms—must be accepted as true and are sufficient to withstand dismissal. The sufficiency of the notice—whether statutory language alone, without individualized wage figures, satisfies the obligation to "inform" employees—is better resolved on a developed factual record.

Moreover, Plaintiffs plausibly allege that the use of varying wage rates for different positions (e.g., server vs. bartender) compounds the need for clarity in the notice. The lack of specificity in the written document creates a factual question about whether the notice meaningfully informed employees in accordance with the FLSA and applicable regulations. (*See* DE 19 at 11–12.)

Accordingly, accepting the factual allegations as true and drawing all reasonable inferences in Plaintiffs' favor, the Court concludes that Plaintiffs have stated a plausible claim for relief. Defendants' Motion to Dismiss Counts I and II is, therefore, denied.

### B.     Motion For More Definite Statement

Defendants also move for a more definite statement under Rule 12(e), asserting that the Complaint is so vague and ambiguous that they cannot reasonably frame a responsive pleading. Specifically, Defendants argue that the Complaint is a "shotgun pleading" because it incorporates all factual allegations into each claim without associating particular facts with specific causes of action. (DE 15 at 11–12.)

The Court finds this characterization unpersuasive. The Complaint, while incorporating background allegations by reference, is otherwise organized in a manner consistent with Rules 8 and 10. It contains a short and plain statement of

the grounds for jurisdiction (*see* DE 1 ¶¶ 13–14), identifies the statutory basis for each claim (e.g., Counts I and II cite violations of 29 U.S.C. §§ 203(m) and 206), and distinguishes among different proposed collectives and factual bases for recovery.

For example, Count I (Minimum Wage Collective Claim) asserts that Defendants failed to provide proper tip credit notice under § 203(m) and seeks minimum wage damages for all individuals paid a subminimum hourly wage without such notice. (*Id.* ¶¶ 98–104.) The allegations supporting this claim—such as the assertion that Defendants never orally or in writing explained the tip credit (*id.* ¶¶ 91–92), and that the written notice lacks required elements (*id.* ¶¶ 187–88)—are expressly incorporated and directly relevant. Similarly, Count III (Overtime Collective Claim) is based on a distinct factual theory that employees needed to work more than forty hours without being paid one and one-half times their regular rate. (*Id.* ¶¶ 122–30.)

The Complaint also specifies the types of roles covered (servers and bartenders), the different pay structures used for each position (DE 1 ¶¶ 50, 54), and the names of the entities alleged to be joint employers (*id.* ¶¶ 23–25). The Complaint further sets forth factual detail sufficient to frame each claim: it distinguishes between two categories of employees (servers and bartenders), provides their respective wage rates ($2.13 and $4.50 per hour), identifies the employer entities alleged to be jointly liable, and delineates the composition of each proposed collective. (*See* DE 1 ¶¶ 23–25, 50–54, 94–96, 116–117.) These details enable Defendants to understand the nature of the claims and prepare a responsive pleading.

As the Fourth Circuit has explained, a motion under Rule 12(e) is warranted only when a complaint is "so vague [and] ambiguous that the defendant cannot reasonably be required to answer." *Hodgson*, 482 F.2d at 824. As noted, the rule is designed to strike at "unintelligibility rather than simple want of detail." *Pugh*, 2014 WL 2964415, at *3. This Complaint is intelligible and structured in accordance with accepted federal pleading standards. It falls well outside the narrow class of pleadings that may be challenged under Rule 12(e). Accordingly, the Motion for More Definite Statement is denied.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Partial Motion to Dismiss and Motion for More Definite Statement (DE 15) is **DENIED**.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 24, 2025