IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM FORTNER, and AUTUMN McMANUS, individually and on behalf of themselves and all others similarly situated, Plaintiffs, <br><br> vs. <br><br> 21 Main North Beach, LLC, and Lovin' Oven Catering of Suffolk, LLC, <br><br> Defendants. | Case No.: 4:24-cv-05893-JD <br><br> **ORDER APPROVING CONDITIONAL CERTIFICATION NOTICE PLAN** |

This matter is before the Court on the Parties' Joint Notice of Conditional Certification Notification Plan (DE 50), submitted pursuant to the Court's August 1, 2025, Order granting Plaintiffs' Motion for Conditional Certification (DE 46). The Court has reviewed the Parties' joint submission and considered their respective positions regarding the form, content, and dissemination of notice to the conditionally certified collectives.

For the reasons set forth below, the Court approves the Parties' agreed-upon notice form with modifications and resolves the disputed issues as follows:

**I. Form and Content of Notice**

The Court approves the Revised Notice and Consent-to-Join Form attached as Exhibit A to the Parties' Joint Notice, subject to the requirement that the language remain neutral, accurate, and informative. The Consent-to-Join Form shall permit putative plaintiffs to designate which collective(s) they seek to join.

1

**II. Length of the Opt-In Period**

The Court sets the opt-in period at sixty (60) days from the date the initial notice is mailed or emailed. A sixty-day period is consistent with precedent in this District, aligns with the Court's recent practice, and appropriately balances the remedial purpose of the FLSA with the need for judicial efficiency. In light of the number of collectives conditionally certified and the transient nature of the restaurant workforce, the Court finds that sixty days affords putative members a fair and adequate opportunity to exercise their rights. *See Gordon v. TBC Retail Group, Inc.*, 134 F. Supp. 3d 1027, 1041 (D.S.C. 2015).

**III. Reminder Notice**

The Court declines to authorize a reminder notice during the opt-in period. While the Court previously recognized that a reminder could be permissible if neutrally worded, a single Court-approved notice, sent by mail and email, is sufficient to inform potential opt-in plaintiffs of their rights. Should future circumstances demonstrate that the initial notice has failed to reach a substantial portion of the collective (e.g., returned or undeliverable mailings), Plaintiffs may move for appropriate relief at that time.

**IV. Methods of Dissemination**

Notice shall be disseminated by:

- U.S. Mail;
- E-mail; and
- Posting in a conspicuous location at Defendants' workplace(s).

Dissemination by text message is not authorized absent further order of the Court upon a showing of necessity..

### V. Contact Information to Be Disclosed

Within **fourteen (14) days** of this Order, Defendants shall produce to Plaintiffs' counsel, in Excel format, the following information for all potential collective members employed at any time from August 1, 2022, to the present:

1. Full name;
2. Last known mailing address;
3. Last known e-mail address.

Telephone numbers are not to be produced at this stage. If both mail and e-mail notices are returned as undeliverable, Plaintiffs may request production of the individual's last known telephone number and/or the last four digits of the Social Security number solely to facilitate accurate identification and service of notice.

### VI. Conclusion

Accordingly, the Court **APPROVES the Revised Notice and Consent-to-Join Form** (Ex. A to DE 50) and ADOPTS the notification protocol as modified herein. The Parties shall proceed with the dissemination of notice consistent with this Order.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

August 29, 2025
Florence, South Carolina